PER CURIAM.
The claimant appeals a workers’ compensation order denying a claim for wage loss benefits in excess of the 78 weeks allowed under section 440.15(3)(b)4.d.(III), Florida Statutes (1991). The claimant contends that by conditioning the duration of wage loss eligibility on the degree of physical impairment section 440.15(3)(b)4.d violates the Americans with Disabilities Act (ADA), 42 USC section 12101 et seq. We conclude that the claimant has not established an ADA violation, and we therefore uphold the statutory limitation on eligibility for wage loss benefits.
Section 440.15(3)(b)4.d provides a graduated schedule which varies the duration of wage loss eligibility in accordance with a claimant’s physical impairment rating. Because the claimant’s impairment was rated at nine percent, his eligibility is constrained by the 78 week limitation in section 440.15(3)(b)4.d.(III). In situations involving greater impairment ratings, eligibility can extend for as much as 364 weeks. See § 440.15(3)(b)4.d.(V), Fla. Stat. (1991).
The claimant presents this case under Title I of the ADA,* which provides at section 42 USC section 12112(a) that:
No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
The claimant asserts that the provisions of the Workers’ Compensation Law constitute terms, conditions, and privileges of employ *242 ment within the ambit of section 12112(a). But in O’Neil v. Department of Transportation, 468 So.2d 904 (Fla.), cert. denied, 474 U.S. 861, 106 S.Ct. 174, 88 L.Ed.2d 144 (1985), the Florida Supreme Court determined that the provisions of the Workers’ Compensation Law do not constitute “compensation, terms, conditions, or privileges of employment” within the ambit of the Age Discrimination in Employment Act, 29 USC section 621, et seq. Because the same essential language governs the present case under the ADA, the ruling in O’Neil raises a question as to whether the same interpretation would pertain whereby section 440.15(3)(b)4.d might not be controlled by Title I of the ADA.
Even apart from the concerns raised by O’Neil, the ADA argument which the claimant now asserts was rejected in a recent federal decision. Like the present case, Cramer v. State, 885 F.Supp. 1545 (M.D.Fla.1995), involved an assertion that by conditioning the duration of wage loss eligibility on the degree of physical impairment section 440.15(3)(b)4.d.(III) impermissibly deprives disabled workers of equal opportunity or eligibility for workers’ compensation benefits. In rejecting this argument in Cramer the court found several reasons to uphold the statute, while emphasizing the differing purposes of the ADA and workers’ compensation. However, the court did not refer to O’Neil, and suggested that the ADA may apply to the Workers’ Compensation Law.
Because the claimant has not clearly shown an ADA violation, we affirm the appealed order. In accordance with Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following question of great public importance:
WHETHER SECTION 440.15(3)(b)4.d, FLORIDA STATUTES (1991), IS SUBJECT TO AND COMPORTS WITH THE REQUIREMENTS OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT?
ALLEN and DAVIS, JJ., and WENTWORTH, Senior Judge, concur.

 No other issue was raised below, but the judge’s adjudicatory authority was invoked by the claim for benefits, which the judge denied by applying the challenged statute. Although the judge could not invalidate the statute, the record was sufficiently developed to permit consideration of the issue on appeal. The absence of any independent issue below does not negate the availability of this process, which preserves the claimant's potential recourse to workers' compensation benefits while effecting an expeditious ruling on the statutory challenge. Such consolidation of actions is consistent with the rationale for permitting an appellate determination in these circumstances. See Key Haven Associated Enterprises v. Board of Trustees, 427 So.2d 153 (Fla.1982).